◼ In the Matter of PRIVATES CABARETS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents. — Determination of respondent finding petitioner in violation of its on-premises liquor license dated April 19, 1982 and canceling such license, unanimously modified, on the law and in the exercise of discretion, and petitioner is hereby granted 60 days from the date of this court's order to file an approvable application for a caterer's establishment license and, following the issuance thereof, such license shall be suspended for a period of 20 days, 10 days to become effective upon such issuance, the balance to be deferred, and petitioner's bond of $500 forfeited and said determination is otherwise confirmed, without costs and without disbursements. Upon failure of petitioner to so apply for and receive such caterer's license, respondent's cancellation is reinstated and the determination confirmed, without costs and without disbursements. In April, 1978 petitioner applied for and obtained a liquor license in connection with the proposed operation of a restaurant and bar located at 85th Street and Lexington Avenue. At the time of the application it submitted a detailed plan showing the layout of the premises upon completion of the alterations. The cost of these alterations proved too much for the fledgling business to bear. Accordingly, in August, 1978 petitioner filed an amended plan providing for an additional bar and a sidewalk cafe. It also sought rearrangement of the partitions and the seating plan. Two months later, a second amended plan was submitted seeking enlargement of the bar, the installation of a game room and of a dance area. While the two amendments were pending (the first of which was ultimately approved and the second disapproved) these proceedings were instituted. Seemingly, an inspection of the premises disclosed that the alterations contemplated by the second amended plan had been made, although the plan had not been approved and, indeed, subsequently was disapproved. The inspection further disclosed that exterior windows had been boarded up or painted over preventing a clear and full view of the interior of the premises from the outside and that petitioner had failed to post and display its license in a conspicuous place in the premises, as required by law. After a hearing, all charges were sustained by the hearing officer. The authority held the evidence insufficient to sustain the charge that petitioner had failed to post and display its license in a conspicuous place. However, in all other respects it sustained the findings and conclusions of the hearing officer. It imposed, as a penalty, the cancellation of petitioner's license unless, within 60 days from the date of its order petitioner filed an approvable application for a caterer's establishment license, in which event the appropriate penalty would be a suspension of petitioner's license for 20 days (10 days of which were to occur forthwith and the balance of which would be deferred) and a forfeiture of $500 of the bond filed by it. Petitioner did not comply with the conditions imposed by the authority for the retention of its license and, accordingly, after the 60-day period within which to meet the conditions had expired its license was canceled. Petitioner then commenced this CPLR article 78 proceeding to review the authority's determination asserting, among other things, that it had never received notice of the authority's determination. Review of the record leads us to the conclusion that the holding of the authority was supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421). Similarly, the measure of punishment imposed is not " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Were this the sum total of the issues before us we would have no hesitancy in affirming the determination of the authority. However, in light of petitioner's claim that it never received notice of the authority's determination, and first became aware of it when it received notice of the cancellation of

its license we modify to the extent only of granting petitioner an additional 60 days from the date of the order to be entered herein to comply with the conditions imposed by the authority. In all other respects we confirm. Concur — Kupferman, J. P., Carro, Silverman, Bloom and Milonas, JJ.